IN THE UNTED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYLEE MARTINEZ, individually and As the Next of Kin and The Personal Representative for the ESTATE OF ANTHONY MARTINEZ, <br><br> Plaintiff, <br><br> v. <br><br> DEPUTY SKYLER SELLERS, in his induvial and official capacity as a Deputy with the Adair County Sheriff's Department, and SHERIFF JASON RITCHIE, in his official capacity as Sheriff of Adair County, State of Oklahoma, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. CIV-23-102-RAW-GLJ |

## **REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Leave to Amend and File a Second Amended Complaint [Docket No. 38]. On June 28, 2028, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 23]. For the reasons set forth below, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Leave to Amend and File a Second Amended Complaint ("Motion to Amend") [Docket No. 38] be GRANTED.

**Procedural History**

Plaintiff's March 20, 2023 Complaint alleges the Board of County Commissioners of Adair County and Sheriff Deputy Skyler Sellers were liable for Anthony Martinez's death. *See* Docket No. 2. Plaintiff alleges that, based on discussions with defense counsel, she subsequently filed an Amended Complaint on May 15, 2023, in which she substituted Sheriff Jason Ritche for Adair County as the proper defendant. *See* Docket Nos. 16 and 38. In their answers, filed after the expiration of the statute of limitations, Defendants Sellers and Ritchie asserted a tribal sovereignty defense based on a cross-deputization agreement under which Sellers was allegedly acting as a Cherokee Marshall at the time of the incident. *See* Docket No. 38, ¶¶ 5-8; Docket Nos. 25 & 26.

Plaintiff now seeks leave to file a second amended complaint to add back as a defendant the Board of County Commissioners for Adair County, and to add certain additional claims. *See* Docket No. 38.[1] Specifically, Plaintiff seeks to add Adair County to her claims for liability under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Services of the City of New York*, 436 U.S. 658 (1987), and wrongful death, and add new claims for a *Bivens* action against Sellers under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and both injunctive and declaratory relief for violations of the Oklahoma Open Records Act. *See* Docket No. 38, Exh. 2. Plaintiff's proposed amendment also adds additional factually allegations supporting its new and previously asserted claims. *Id*.

---

[1] Plaintiff previously filed a Motion for Leave to Amend and File a Second Amended Complaint, which sought substantially the same relief as the instant motion, *see* Docket No. 34, but Plaintiff appears to have abandoned it and the parties instead focused on the instant motion.

I. **Applicable Legal Standard**

When reviewing a proposed amendment under Rule 15(a),[2] the Court asks "whether justice would be served by amendment." *Myers v. City of Loveland, Colo.*, 2013 WL 3381276, at *5 (D. Colo. July 8, 2013); *see Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) ("[Rule 15(a)] itself states that 'leave shall be freely given when justice so requires.' The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" (quoting Fed. R. Civ. P. 15(a); *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982))). The Rule 15(a) standard is a "liberal" one. *Shea v. Associated Wholesale Grocers, Inc.*, 2005 WL 8157629, *2 (W.D. Okla. April 18, 2005); *Stout v. Long*, 2015 WL 4910623, at *2 n. 2 (W.D. Okla. July 16, 2015). "[L]eave should generally be permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile." *James et al. v. Fenske*, 2012 WL 592855, at *3 (D. Colo. Feb. 23, 2012) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[2] Although the deadline for amendments to add parties or claims was due not later than October 10, 2023, *see* Docket No. 30, Plaintiff's Motion to Amend was not filed until October 12, 2023. Defendants do not raise any issue as to the timing of the Motion to Amend, therefore, the undersigned Magistrate Judge will proceed under Fed. R. Civ. P. 15 rather than the good cause standard under Fed. R. Civ. P. 16(a)(3).

**II.     Analysis**

1. *Failure to comply with LCvR 7.1(f) and (k)*

Defendants first allege Plaintiff failed to comply with her meet and confer obligation and did not submit a signed copy of the proposed second amended complaint.  *See* Docket No. 40, p. 3.  Plaintiff responds that although she inadvertently failed to state she complied with her meet and confer obligations, she nonetheless has complied, including the August 21, 2023 discussion with defense counsel prior to filing her Motion to Extend the Time to Amend or Add Parties, and the October 10, 2023 discussion regarding the Motion to Amend.  *See* Docket No. 43, pp. 2-3.  Plaintiff did not address the failure to include a signed copy of the proposed second amended complaint with her Motion to Amend.

Based on Plaintiff's representations, it is apparent that Plaintiff substantially complied with her meet and confer obligations even though she failed to advise the court of such efforts in the Motion to Amend.  Given the fulsome discussions represented to have occurred between the parties regarding Plaintiff's position and intent to seek an amendment, it is apparent that a good faith effort was made to sincerely resolve the issue prior to filing the Motion to Amend.  Similarly, Plaintiff substantially complied with LCvR 7.1(k) in that she submitted both a clean copy and redline copy indicating all changes in the proposed amendment.  Nonetheless, parties are reminded of and admonished to fully comply with their obligations under LCvR 7.1(f) and (k), including advising the Court of their meet and confer efforts and the position of the opposing party to the motion, as well as submitting a signed copy of the proposed amended complaint with the motion.

2. *Undue Delay and Prejudice*

Although Defendants do not raise the issue with respect to the Motion to Amend, such a motion may be denied based on undue delay. *Minter*, 451 F.3d at 1205. "The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue." *Id*. at 1206. Moreover, "[c]ourts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense." *Id*. (quotation omitted). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id*. at 1208 (citations omitted). There is no indication of any undue delay in Plaintiff seeking to amend her complaint or that her new claims arise out of a subject matter different than those alleged in the Amended Complaint. Thus, there is no undue delay or prejudice to Defendants with the proposed amendment.

3. *Futility*

Defendants argue that the Motion to Amend should be denied because each of the proposed new claims are futile. Defendants argue extensively that each of the claims are legally improper or are not supported by facts in this case. *See* Docket No. 40, pp. 5-11. In doing so, Defendants essentially argue the merits of each of the proposed new claims.

Whether to conduct a futility analysis when reviewing a motion to amend is left to the discretion of the Court. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993). "In exercising its discretion under Rule 15(a), the court must ... be guided [in part] by pragmatism and efficiency." *Fuller v. REGS, LLC*, 2011 WL 1235688, at *3 (D. Colo. Mar. 31, 2011). Futility arguments often can and should be addressed in connection with

a motion for leave to amend a pleading, but in many situations "futility arguments are better addressed in a Motion to Dismiss." *Godfrey v. United States*, 2008 WL 80302, at *2 (D. Colo. Jan. 7, 2008).

The undersigned Magistrate Judge finds this situation to be one in which Defendants' arguments would be better addressed in a different procedural posture, such as through a dispositive motion. The issues raised regarding the effect of a potentially applicable cross-deputization agreement and upon whose authority or behalf Sellers was acting at the time of the incident are not fully briefed at this stage of the case and it would be premature to resolve such complex issues under a futility analysis on the Motion to Amend. Defendants' arguments are generally underdeveloped because of the Court's lack of full briefing of a motion, response, and reply regarding the merits of the Rule 12(b)(6) argument. This is particularly true here because the Court has not previously addressed the merits of the litigants' claims, particularly with respect to the cross-deputization issue. Thus, the undersigned Magistrate Judge finds that Defendants' futility arguments would be more efficiently and comprehensively considered in the context of a motion to dismiss. *See*, *e.g.*, *Electro-Mechanical Prods., Inc. v. Alan Lupton Assocs. Inc.*, 2023 WL 5152627, at *3 (D. Colo. July 10, 2023) ("Denying a motion to amend based on futility is uncommon in this District and usually involves claims that are facially unsupported in the proposed amendment."); *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits."). Accordingly, Defendants' futility arguments are rejected as premature. *See Electro-Mechanical Prods.*, 2023 WL

5152627, at *3 ("This court finds that Plaintiffs' proposed amended claim does not fall in the rare category of claims that are more appropriately resolved on futility grounds than on full briefing on a dispositive motion.").

   4. *Proposed Amendment is Unnecessary*

Defendants lastly argue that the Motion to Amend should be denied because it unnecessarily adds factual allegations. *See* Docket No. 40, pp. 12-13. While the addition of additional and superfluous factual allegations may not be a proper basis for an amended complaint, Plaintiff's proposed amended complaint does more than just add facts. Contrary to Defendants assertion, Plaintiff alleges new facts in support of adding Adair County to existing claims and alleges new facts in support of new claims. *See* Docket No. 38, Exh. 2. The undersigned Magistrate Judge will not parse through each line of the factual allegations at this stage to determine whether such new factual allegations are strictly necessary for the proposed claims. As plainly "embodied in the well-pleaded complaint rule — [ ] the plaintiff is the master of the complaint" and Plaintiff's choice of facts to allege here is not a basis to deny the Motion to Amend. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987).

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Motion for Leave to Amend and File a Second Amended Complaint [Docket No. 38] should be GRANTED and that Plaintiff's Motion for Leave to Amend and File a Second Amended Complaint [Docket No. 34] should be DENID as moot. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 18th day of January, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**