# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYLEE MARTINEZ, individually and as Next of Kin and the Personal Representative for the Estate of ANTHONY MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>1. DEPUTY SKYLER SELLERS, individually and in his official capacity as a Deputy with the Adair County Sheriff's Department;<br>2. SHERIFF JASON RITCHIE, in his official capacity as Sheriff of Adair County, State of Oklahoma; and<br>3. THE BOARD OF COMMISSIONERS OF ADAIR COUNTY, a political subdivision of the State of Oklahoma,<br><br>    Defendants. | Case No. CIV-23-102-RAW-GLJ |

## ORDER

This action arises from the death of Anthony Martinez. After observing Mr. Martinez apparently speeding on a motorbike, Deputy Sellers followed in pursuit. When Mr. Martinez fled on foot into a wooded area, Deputy Sellers chased and ultimately and shot him in the back of the head. Plaintiff is the eldest daughter and personal representative of the estate of Mr. Martinez. In her Second Amended Complaint, Plaintiff brings the following claims:

    (I)    Section 1983 claim of excessive force in violation of the Fourth Amendment against Deputy Sellers;
    (II)    Section 1983 claim of municipal liability pursuant to *Monell*[1] against the Sheriff and the Board;
    (III)    *Bivens*[2] action against Deputy Sellers;

---

[1] *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978).
[2] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

(IV)   *respondeat superior* claim pursuant to 51 OKLA. STAT. § 151 et. seq. against the Sheriff;
(V)    wrongful death claim pursuant to 12 OKLA. STAT. § 1053 against Deputy Sellers, the Sheriff, and the Board;
(VI)   claim of violation of the Oklahoma Open Records Act requesting injunctive relief, pursuant to 51 OKLA. STAT. §§ 24A.1-24A.18 against the Sheriff and the Board; and
(VII)  claim of violation of the Oklahoma Open Records Act requesting declaratory relief, pursuant to 51 OKLA. STAT. §§ 24A.1- 24A.18 against the Sheriff and the Board.

Pending are the partial motion to dismiss filed by the Sheriff [Docket No. 74], the motion to strike or in the alternative partial motion to dismiss[3] filed by Deputy Sellers [Docket No. 75], and the motion to dismiss filed by the Board [Docket No. 76]. Also pending is the stipulated motion for partial dismissal filed by Plaintiff [Docket No. 87], stipulating to the dismissal of Counts VI and VII.

Now before the court is the Report and Recommendation ("R&R") by Magistrate Judge Jackson [Docket No. 91], recommending that the Sheriff's motion [Docket No. 74], Deputy Sellers' motion [Docket No. 75], and the Board's motion [Docket No. 76] each be granted in part and denied in part and that the Plaintiff's stipulated motion [Docket No. 87] be granted.

Ultimately, the R&R recommends that Count II against the Board be dismissed as it pertains to failing to properly train, supervise, and discipline, but remain as it pertains to failing to make, implement and enforce proper policies and procedures; that Count III be dismissed; that Count IV be dismissed as duplicative; and that Counts VI and VII be dismissed by agreement. Remaining are Count I against Deputy Sellers in his individual capacity; Count II as it pertains to failing to properly train, supervise, and discipline against the Sheriff; Count II as it pertains to failing to make, implement and enforce proper policies and procedures against the Sheriff and

---

[3] Despite the title of Deputy Sellers' motion, it appears simply to be a partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

2

the Board in the alternative; and Count V against Deputy Sellers and against the Sheriff and the Board in the alternative.

The Board has filed an objection to the portion of the R&R recommending denial of its motion [Docket No. 92], and the Plaintiff filed a response [Docket No. 95.]  No other objections to the R&R have been filed.  The Board argues that it has no duty to make, implement, and enforce proper policies and procedures as it relates to policing and that the allegations against it are duplicative of the allegations against the Sheriff.  Plaintiff responds, arguing that as the Board is the sole municipal signatory to the Law Enforcement Agreement, it is not readily ascertainable whether Deputy Sellers operated under the policymaking authority of the Sheriff or the Board.  The court finds the R&R and Plaintiff's response persuasive.

After a *de novo* review, the court determines that the R&R is well-supported by the evidence and the prevailing legal authority.  The R&R [Docket No. 91] is hereby affirmed and adopted as this court's Findings and Order.  The Sheriff's motion [Docket No. 74], Deputy Sellers motion [Docket No. 75], and the Board's motion [Docket No. 76] are hereby GRANTED IN PART AND DENIED IN PART as stated in the R&R.  The Plaintiff's stipulated motion [Docket No. 87] is hereby GRANTED.

**IT IS SO ORDERED** this 29th day of July, 2024.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**